UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVSION

| | |
|---|---|
| Ronnetta Gray<br><br>Plaintiff,<br><br><br><br>-v.-<br>Credit Protection Association, L.P.<br><br>Defendant(s). | Civil Action No:<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Ronnetta Gray (hereinafter, "Plaintiff"), an Iowa resident, brings this Complaint by and through her attorneys, against Credit Protection Association L.P. (hereinafter "Defendant"), individually, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

### INTRODUCTION/PRELIMINARY STATEMENT

1. Congress enacted the Fair Debt Collection Practices Act ("FDCPA") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "'the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

1

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." ld. § 1692(e). After determining that the existing consumer protection laws ·were inadequate~ id § l692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. Id. § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this action pursuant to 15 U.S.C. § 1692 et. seq.  The Court also has pendent jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(1) as defendant is a resident of the state of Texas.

## NATURE OF THE ACTION

5. Plaintiff brings this action under §1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA").

6. Plaintiff is seeking damages and declaratory and injunctive relief.

## PARTIES

7. Plaintiff Ronnetta Gray is a resident of the State of Iowa, County of Johnson, residing at 720 4th Ave Place, Apt. 1, Coralville, IA 52241.

8. Defendant is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with an address at 2500 Dallas Parkway, Ste 500, Plano, Texas 75093-4805.

9. Upon information and belief, Defendant SG&B is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

## FACTUAL ALLEGATIONS

10. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

11. On or before November 11, 2019 the Plaintiff incurred an obligation to Mediacom.

12. The Mediacom obligation arose out of transactions in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

13. The Mediacom obligation is a "debt" as defined by 15 U.S.C. §1692a (5).

14. Mediacom is a "creditor" as defined by 15 U.S.C.§ 1692a(4).

15. Mediacom contracted the Defendant to collect the alleged debt.

16. Defendants collect and attempt to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

*Violation I –November 11, 2019 Collection Letter*

17. On or around November 11, 2019 Defendant sent the Plaintiff a collection letter (the "November 11 Letter") regarding the alleged debt owed to Mediacom. A true and correct copy of the Letter is attached hereto as Exhibit A.

18. The Letter states: "This is to inform you that your account has been reported to the credit bureaus.  Once your debt has been satisfied, we can report it to the credit bureaus as paid. Be advised credit information could remain in your records for several years."

19. A debt can only be reported on a Plaintiff's credit report for seven years from the date of default.

20. Defendant's statement is vague, threatening and confusing by stating that "credit information can remain in your records for several years," which is unspecified and can mean any amount of years.

21. Furthermore, the "November 11 Letter" does not state the date of default and therefore it is not possible to know from the letter how long the credit information will be reported.

22. The term "several years" could mean well beyond the time that the credit information would be reported and therefore Defendant's statement would be deceptive in addition to being vague and confusing.

23. As a result of Defendants' deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged.

*Violation II –November 20, 2019 Collection Letter*

24. On or around November 20, 2019 Defendant sent the Plaintiff another collection letter (the "November 20 Letter") regarding the alleged debt owed to Mediacom. A true and correct copy of the Letter is attached hereto as Exhibit B.

25. The November 20 Letter states and Original Amount Due of $631.70; 0 Equipment Item(s) Valued At: $.00; Amount Paid on Account: $.00; Balance Past Due: $342.70.

26. The November 20 Letter deceptively states the balance due in a confusing and unclear fashion.

27. The November 20 Letter states an Original amount due of $631.70 with no credits or payments applied to that balance. Yet the Balance Past Due is listed at $ 342.70 with no explanation for the discrepancy.

28. The representation of differing amounts as to the amount due without further explanation is deceptive and misleading to Plaintiff.

29. Plaintiff incurred an informational injury as she could not ascertain from the deceptive and misleading Letter the amount she presently owed on the debt.

30. Further, Defendant's Letter is a false representation of the amount of the debt.

31. As a result of Defendants' deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged.

## COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692e
*et seq.*

32. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

33. Defendants debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

34. Pursuant to 15 U.S.C. § 1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

35. Defendants violated § 1692e:

   a. As the November 11 Letter and the November 20 Letter are open to more than one reasonable interpretation, at least one of which is inaccurate.

   b. By making a false and misleading representation in violation of §1692e(10).

36. By reason thereof, Defendants are liable to Plaintiff for judgment that Defendants' conduct violated Section 1692e et seq. of the FDCPA, and Plaintiff is entitled to an award of actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

37. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Ronnetta Gray, demands judgment from Defendant as follows:

1. Awarding Plaintiff statutory damages;

2. Awarding Plaintiff actual damages;

3. Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

4. Awarding pre-judgment interest and post-judgment interest; and

5. Awarding Plaintiff further relief as this Court may deem just and proper.

Dated: November 10, 2020                                              Respectfully Submitted,

**Stein Saks, PLLC**
/s/ Yaakov Saks
Yaakov Saks, Esq.
285 Passaic Street
Hackensack, NJ, 07601

Ph:  201-282-6500 ext. 101
Fax: 201-282-6501
ysaks@steinsakslegal.com
*Counsel for Plaintiff*